```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-21189-CIV-GOLD
                              MAGISTRATE JUDGE P.A. WHITE
```

DAVID BROWN,                          :

    Plaintiff,                    :

v.                                    :        REPORT OF
                                                                                              MAGISTRATE JUDGE
                                                                              :

JULIO R. FERRER-ROO, ESQ.,
                                                                              :

      Defendant.
_____

## I. Introduction

    The plaintiff, David Brown, currently housed in the South Bay Correctional Facility, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>.

    This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. Analysis

    As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

```
                    *   *   *

        (B) the action or appeal –

                    *   *   *

        (i)  is frivolous or malicious;

        (ii) fails to state a claim on which
        relief may be granted; or

        (iii) seeks monetary relief from a
        defendant who is immune from such
        relief.
```

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff seeks to sue Julio R. Ferrer-Roo, a private attorney with whom he contracted to represent him in state criminal post-conviction proceedings. The plaintiff states that his motion for post-conviction relief was denied because Mr. Ferrer-Roo failed

3

to file court-ordered pleadings. The plaintiff claims, inter alia, that Mr. Ferrer-Roo breached his contract, engaged in malpractice, committed ethical violations and his actions resulted in the denial of the plaintiff's constitutional rights to access to the courts and due process. The plaintiff advises that he has filed a civil action in state court against Mr. Ferrer-Roo.

Pretermitting any abstention issues, the plaintiff has failed to state a claim for relief. The plaintiff cannot seek relief in a federal civil rights action against an attorney privately retained to represent him in his state criminal proceedings based on a theory of ineffective assistance of counsel or other alleged constitutional violations. Private attorneys generally do not act "under color of state law" and, therefore, claims against such counsel are not cognizable under 42 U.S.C. §1983. See Polk County v. Dodson, 454 U.S. 312 (1981). To the extent the plaintiff seeks to recover fees and seek other monetary damages against Mr. Ferrer-Roo under state law breach of contract or negligence theories, such claims are not properly raised in a federal civil rights action, such claims must be raised in state court.

### III.  Conclusion

It is therefore recommended that this Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 31st day of May, 2009.

                                           UNITED STATES MAGISTRATE JUDGE

cc:  David Brown, Pro Se
     DC No.  046100
     South Bay Correctional Facility
     600 U.S. Highway 27 South
     South Bay, FL 33493